**George Spees, Plaintiff-Appellant, v. Elmer Stapleton, Defendant-Appellee.**

Gen. No. 67–141.

Fifth District.

January 20, 1969.

Harris, Holbrook & Lambert, of Marion, for appellant.

Donald R. Mitchell and William Kent Brandon, of Murphysboro, for appellee.

MORAN, J.

George Spees filed suit for personal injuries against Elmer Stapleton in the Circuit Court of Williamson County. After the depositions of both Spees and Stapleton were taken, Stapleton filed a motion for summary judgment on the ground that the undisputed facts contained in the depositions attached to his motion barred Spees's suit because his injuries arose out of and in the course of his employment. Ill Rev Stats (1967), c 48, par 138.5(a). The trial court granted Stapleton's motion and entered judgment in favor of Stapleton and against Spees. Spees appeals.

The essential facts testified to in the depositions are undisputed and reveal that Spees and Stapleton were employed by the Central Illinois Public Service Company on February 25, 1965, the time of the accident. Both parties, along with thirteen other employees, assembled for work each day at a gas plant maintained by the Central Illinois Public Service Company on Route 37, north of Marion. From this starting place employees would pick up the company trucks and begin their daily duties.

The accident occurred at about 7:30 a. m., on the company parking lot. A six-inch snowfall had occurred the night before the accident with drifts four and five feet high in places. Spees arrived at work shortly before 7:30 a. m., intending to watch the usual morning game of washers which the employees played. Thirteen of the fifteen employees arrived at the plant about 7:30 a. m., either to engage in or to watch the game of washers. Work did not begin until 8:00 a. m., and this was strictly adhered to.

After parking his pickup truck on the parking lot, Spees started inside the building when he noticed that

388

Stapleton had driven onto the parking lot and became stuck in the snow. At this point he called to Stapleton and offered to pull him out. Stapleton answered, "All right."

While Stapleton was rocking his car back and forth in an effort to free it, Spees drove his truck behind Stapleton's car, leaving eight to ten feet between the two vehicles. Spees got out and started to hitch a chain from his truck to Stapleton's car in order to pull him out. While Spees was looking toward his truck, Stapleton drove his car back into Spees, pinning him to the front bumper of the truck.

Stapleton testified that after Spees offered to aid him that he did not pay any more attention to him because he thought that if Spees were going to give him a pull, he would first give some kind of notice before tieing on. Stapleton further stated that his windows were covered with steam and moisture on the inside and he could only see through the front windshield; that at no time before the impact did he ever apply his brakes, honk his horn, or give a signal of any kind; that he understood that Spees was going to pull him from the rear with a chain; and that it was about three or four minutes from the time he had the conversation with Spees until the accident occurred.

As a result of the accident, Spees sustained a broken leg and was off work for eleven weeks. His leg still builds up pressure and he has pain behind the knee. Spees testified that he did not file for workmen's compensation because he was not hurt on the job and that he did not make any claim against Central Illinois Public Service Company.

Appellant contends that this accidental injury did not arise out of or in the course of his employment so as to render the provisions of the Workmen's Compensation Act applicable and bar this common-law action.

389

■ The phrases, "arising out of" and "in the course of" the employment, are used conjunctively in our Act (Ill Rev Stats 1967, c 48, § 138.2; Chmelik v. Vana, 31 Ill2d 272, 201 NE2d 434) thus requiring the presence of both elements to make the Workmen's Compensation Act applicable.

■ ■ The words, "arising out of" refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury, and in order for an injury to come within the Act it must have had its origin in some risk connected with or incidental to the employment, so that there is a causal connection between the employment and the injury. Chmelik v. Vana, supra. Spees' offer to pull Stapleton out of the snow is in no way connected with his employment. Any danger which might exist from the performance of this good deed was not peculiar to the employment and could not be said to flow as a natural consequence from it. The offer of assistance subjected Spees to no more of a risk than that to which the public would be subjected. Anyone could have entered the parking lot for the purpose of aiding Stapleton.

■ The words, "in the course of the employment," refer to time, place and circumstances under which the accident occurred and it is stated generally that an accidental injury is received in the course of the employment when it occurs within the period of the employment at a place where the employee may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto. Chmelik v. Vana, supra.

■ ■ The requirement of time has been extended to include a reasonable time before commencing and after concluding actual employment. Chmelik v. Vana, supra. What is a reasonable time is difficult to ascertain and will vary depending on the facts of each particular case. In this case we cannot say that thirty minutes is

390

a reasonable time. Both parties admit that the only reason they arrived as early as they did was because of the washer game. This was a purely personal motive and in no way advanced the employer's work. The practice of commencing work promptly at 8:00 a. m., including any preparation for leaving the plant, was strictly adhered to. For the purposes of their employment there was thus no reason for an employee to arrive thirty minutes early.

 The requirement of place has been extended to include parking lots provided by the employer for the employees. DeHoyos v. Industrial Commission, 26 Ill2d 110, 185 NE2d 885. The reason for the inclusion of company parking lots is that the employee is there subjected to hazards to which the general public is not exposed. Such a conclusion makes it incumbent upon the employer to maintain a safe parking lot. No one is charging in this case that the parking lot was unsafe. This accidental injury was not the result of the fact that Spees was on the parking lot, but rather from the fact that he elected to aid Stapleton. The requirement of place is met only when it can be said that the employee is where he reasonably should be and is in some way in the performance of his duties. This performance includes even walking from the parking lot to the plant because the employment necessarily requires this action but does not include a personal venture which is not incidental to the employment.

 The employee must also be fulfilling his duties or engaged in something incidental thereto. There is no question here that Spees had not yet begun his duties. And, unless an accident occurs while the claimant is actually performing the duties of his job, a risk is not considered incidental to his employment unless he is exposed to that risk to a greater degree than other members of the public. Revere Paint & Varnish Corp. v. Industrial Commission, 41 Ill2d 59, 242 NE2d 1. Spees was not so exposed.

■ We therefore conclude that where an employee is injured while assisting a fellow employee in a personal matter on the company parking lot thirty minutes before starting time, such injury does not arise out of or in the course of the employment so as to render the Workmen's Compensation Act applicable.

Our view of the case makes it unnecessary to consider other arguments raised on appeal.

The summary judgment of the Circuit Court of Williamson County is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.