**George Spees, Plaintiff-Appellant, v. Elmer Stapleton, Defendant-Appellee.**

**Gen. No. 67–141.**

Fifth District.

June 30, 1969.

254

255

Harris, Holbrook & Lambert, of Marion, for appellant.

William Kent Brandon, Mitchell & Brandon, of Murphysboro, for appellee.

OPINION AS AMENDED ON REHEARING

MORAN, J.

George Spees filed suit for personal injuries against Elmer Stapleton in the Circuit Court of Williamson County. After the depositions of both Spees and Stapleton were taken, Stapleton filed a motion for summary judgment on the ground that the undisputed facts contained in the depositions attached to his motion barred Spees's suit because his injuries arose out of and in the course of his employment. Ill Rev Stats (1967), c 48, par 138.5 (a). The trial court granted Stapleton's motion and entered judgment in favor of Stapleton and against Spees. Spees appeals.

The essential facts testified to in the depositions are undisputed and reveal that Spees and Stapleton were employed by the Central Illinois Public Service Company on February 25, 1965, the time of the accident. Both parties, along with thirteen other employees, assembled for work each day at a gas plant maintained by the Central Illinois Public Service Company on Route 37, north of Marion. From this starting place employees would pick up the company trucks and begin their daily duties.

The accident occurred at about 7:30 a. m., on the company parking lot. A six-inch snowfall had occurred the night before the accident with drifts four and five feet high in places. Spees arrived at work shortly before 7:30 a. m., intending to watch the usual morning game of washers which the employees played. Thirteen of the fifteen employees arrived at the plant about 7:30 a. m., either to engage in or to watch the game of washers. Work did not begin until 8:00 a. m., and this was strictly adhered to.

After parking his pickup truck on the parking lot, Spees started inside the building when he noticed that Stapleton had driven onto the parking lot and became stuck in the snow. At this point he called to Stapleton and offered to pull him out. Stapleton answered, "All right."

While Stapleton was rocking his car back and forth in an effort to free it, Spees drove his truck behind Stapleton's car, leaving eight to ten feet between the two vehicles. Spees got out and started to hitch a chain from his truck to Stapleton's car in order to pull him out. While Spees was looking toward his truck, Stapleton drove his car back into Spees, pinning him to the front bumper of the truck.

Stapleton testified that after Spees offered to aid him that he did not pay any more attention to him because he thought that if Spees were going to give him a pull, he would first give some kind of notice before tying on. Stapleton further stated that his windows were covered with steam and moisture on the inside and he could only see through the front windshield; that at no time before the impact did he ever apply his brakes, honk his horn, or give a signal of any kind; that he understood that Spees was going to pull him from the rear with a chain; and that it was about three or four minutes from the time he had the conversation with Spees until the accident occurred.

As a result of the accident, Spees sustained a broken leg and was off work for eleven weeks. His leg still builds up pressure and he has pain behind the knee. Spees testified that he did not file for workmen's compensation because he was not hurt on the job and that he did not make any claim against Central Illinois Public Service Company.

Appellant contends that this accidental injury did not arise out of or in the course of his employment so as to render the provisions of the Workmen's Compensation Act applicable and bar this common-law action.

The phrases, "arising out of" and "in the course of" the employment, are used conjunctively in our Act (Ill Rev Stats 1967, c 48, § 138.2; Chmelik v. Vana, 31 Ill2d 272, 201 NE2d 434) thus requiring the presence of both elements to make the Workmen's Compensation Act applicable.

The words, "arising out of" refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury, and in order for an injury to come within the Act it must have had its origin in some risk connected with or incidental to the employment, so that there is a causal connection between the employment and the injury. Chmelik v. Vana, supra.

Before an injury can be said to arise out of the employment, the risk thereof must be one peculiar to the work or must be one to which the employee is exposed to a greater degree than the general public by reason of his employment. Fisher Body Division, General Motors Corp. v. Industrial Commission, 40 Ill2d 514, 240 NE2d 694. Spees's offer to pull Stapleton out of the snow is in no way connected with his employment. Any danger which might exist from the performance of this good deed was not peculiar to the employment. The employees of Central Illinois Public Service Company, not being compelled to aid anyone stuck in the snow, were exposed to no

more risk of injury, such as occurred, than any member of the general public who might have wandered by the parking lot and offered his assistance.

■ The words, "in the course of the employment," refer to time, place and circumstances under which the accident occurred and it is stated generally that an accidental injury is received in the course of the employment when it occurs within the period of the employment at a place where the employee may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto. Chmelik v. Vana, supra.

■ The requirement of time has been extended to include a reasonable time before commencing and after concluding actual employment. Chmelik v. Vana, supra. What is a reasonable time is difficult to ascertain and will vary, depending on the facts of each particular case. In the instant case the appellant points to Hiram Walker & Sons, Inc. v. Industrial Commission, 41 Ill2d 429, 244 NE2d 179, to support the view that thirty minutes is a reasonable time. In said case it was decided that claimant's injuries arose out of and in the course of his employment even though he checked in for work almost one hour early and may have been on his way to a cafe for breakfast at the time he fell on the icy company parking lot. In accordance with this opinion, it would thus appear that Spees's arrival thirty minutes early would constitute a reasonable time.

Hiram Walker & Sons, Inc. v. Industrial Commission, supra, also reiterates the fact that the requirement of place has been extended to include parking lots provided by the employer for the employees. See also DeHoyos v. Industrial Commission, 26 Ill2d 110, 185 NE2d 885. The reason for the inclusion of company parking lots is that the employee is there subjected to hazards to which the general public is not exposed. Such a conclusion makes it incumbent upon the employer to maintain a safe parking

259

lot. As the court in Hiram Walker & Sons, Inc. v. Industrial Commission, supra, at page 181 stated:

". . . His presence in the lot was due entirely to his employment, and the risks to which he was there exposed because of the icy surface did not depend upon whether he went directly into the plant or detoured briefly to get breakfast."

It can then be said that Spees was where he reasonably should have been and that his presence on the company parking lot satisfied the requirement of place. However, it cannot be said in the instant case, as was said in the Hiram Walker case, that it was the condition of the parking lot which caused the injury. The condition of the parking lot caused Stapleton's car to become stuck in the snow. Spees's injury was caused by his election to aid Stapleton.

Furthermore, it cannot be said that Spees was "in the course of his employment" because he did not fulfill the third requirement, namely, he was not fulfilling his duties of employment or engaged in something incidental thereto. Rather, Spees was involved in a purely personal venture. And, unless an accident occurs while the claimant is actually performing the duties of his job, a risk is not considered incidental to his employment unless he is exposed to that risk to a greater degree than other members of the public. Revere Paint & Varnish Corp. v. Industrial Commission, 41 Ill2d 59, 242 NE2d 1.

As to whether Spees was engaged in an activity incidental to his employment, the only argument offered is that it was to the benefit of the employer to have a lot with free access and in a safer condition than if stranded vehicles were abandoned on the lot where they stopped. We cannot accept this argument. It does not follow that simply because an activity is beneficial to an employer it is also incidental to the employment. More particularly, it has been held that the risk of injury in repairing or

260

working on one's personal automobile is not ordinarily related or incidental to the duties for which he is employed, even though the work may be done on the employer's premises. Fisher Body Division, General Motors Corp. v. Industrial Commission, supra, and cases cited therein.

██ We therefore conclude that where an employee is injured while assisting a fellow employee in a solely personal matter, such injury does not arise out of or in the course of the employment so as to render the Workmen's Compensation Act applicable.

Our view of the case makes it unnecessary to consider other arguments raised on appeal.

The summary judgment of the Circuit Court of Williamson County is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.