(No. 44919.—▮▮▮▮▮▮▮▮)

MATERIAL SERVICE CORPORATION, DIVISION OF GENERAL DYNAMICS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Albert E. Hedrick *et al.*, Appellees.)

*Opinion filed January 26, 1973.*

430

ROBSON, MASTERS, RYAN, BRUMUND & BELOM of Joliet, (FRANK H. MASTERS, JR. and SIDNEY Z. KARASIK, of counsel), for appellant.

HORWITZ, ANESI, OZMON & ASSOCIATES, LTD., of Chicago (CHARLES E. ANESI and DARIO A. GARIBALDI, of counsel), for appellees.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On November 29, 1967, the decedent, Judith Ann Hedrick, drowned when her car fell into the Illinois Deep Waterway adjacent to the parking lot of respondent Material Service Corporation, where she was employed. Claimants, who are her surviving husband and minor children, filed an application for benefits under the Workmen's Compensation Act. At the conclusion of a hearing, an arbitrator entered a decision denying compensation on the grounds that the evidence did not establish that the decedent's death arose out of and in the course of her employment. The arbitrator's decision was affirmed by the Industrial Commission. On *certiorari,* the circuit court of Cook County held the decision of the Industrial Commission to be contrary to law and reversed and remanded the cause to the Commission with directions to award benefits. Pursuant to the order of remandment, the Commission fixed the amount of benefits, and on review, the award was affirmed by the circuit court of Cook County. This is an appeal from that judgment.

The facts are not in dispute. On November 29, 1967, Judith Ann Hedrick reported for work as usual on the 4:30 P.M.-to-1:00 A.M. shift as a computer operator at Material Service Corporation's plant in Lockport. She worked steadily at her job until about ten minutes before the start of the regular half-hour meal break at 7:30 P.M. when she put on her coat and went out into the employees' parking lot, apparently to warm up her car. The night in question was very cold, and there was testimony by her supervisor that all employees were authorized to leave their work areas five or ten minutes prior to the meal break to start their cars on cold nights or on other occasions when they were likely to have trouble getting their cars started after work. Mrs. Hedrick never returned.

When her supervisor noticed her absence at the end of the meal break at 8:00 P.M., he also noticed that her office machine had been left running and that her purse and cigarettes were on her desk. There was also evidence that she had left her lunch in the area where employees eat during their meal break. Later that night, members of her family were told of her disappearance, and her husband notified police authorities. A search of the employer's grounds and the surrounding areas that night failed to disclose her whereabouts.

The building in which decedent worked was located directly west of and parallel to the Illinois Deep Waterway. The parking lot, which also paralleled the canal, was situated just north of the building. The lot sloped slightly downgrade to the canal's west retaining wall, the top of which was level with the surface of the lot. There were no barricades, guardrails or other barriers separating the parking lot from the edge of the canal in the area near the building. On the day following Mrs. Hedrick's disappearance, a deputy sheriff of Will County inspected the parking lot and noticed scratch marks and rust on the concrete retaining wall of the canal indicating that something had gone over the wall into the water. Scuba divers were called to the scene, and they located Mrs. Hedrick's 1960 Thunderbird automobile submerged in the canal at a point near the north end of the building. When the car was raised from the water her body was found part way out of a broken rear window of the car. The coroner testified that upon examination of the car he found the key in the ignition switch in the "on" position. No determination was made as to the position of the gearshift.

The decedent's husband testified that on the date of her death the decedent was in good health, was not taking any medication and was not under a doctor's care. He and her supervisor at work testified further that she was in good spirits and was looking forward with enthusiasm to Christmas, which was less than a month away.

The principal issue before us is whether the circuit court erred in concluding that the evidence established as a matter of law that the decedent's death "arose out of" her employment with Material Service Corporation. An injury which "arises out of" a person's employment may be defined as one which has its origin in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the accidental injury. (*Chmelik v. Vana (1964), 31 Ill.2d 272.*) Conversely, if the injury is caused by something unrelated to the nature of the employment or is not fairly traceable to the employment environment as a contributing proximate cause, but results instead from a hazard to which the employee would have been equally exposed apart from the employment, then it does not arise out of it. *State House Inn v. Industrial Com. (1965), 32 Ill.2d 160.*

In a number of cases it has been held that accidental injuries suffered by an employee as a consequence of hazardous conditions in parking lots maintained by an employer for the use of employees are compensable under our Workmen's Compensation Act. (*Hiram Walker & Sons v. Industrial Com. (1968), 41 Ill.2d 429; Chmelik v. Vana (1964), 31 Ill.2d 272; Carr v. Industrial Com. (1962), 26 Ill.2d 347; De Hoyos v. Industrial Com. (1962), 26 Ill.2d 110.*) In each of those cases the accidental injury was clearly traceable to a condition of the lot—an icy surface which caused a fall or hazardous traffic congestion which resulted in an employee being struck by a car driven by another employee. In this regard, respondent contends that those cases are distinguishable from the case now under consideration. It argues that in the case at bar the evidence as to what occurred in the employees' parking lot on the night of November 29, 1967, was entirely circumstantial and inadequate to establish any causal connection between the condition of the parking lot and Mrs. Hedrick's death. Respondent contends further that the decedent's trip to the parking lot to warm up her car prior

to her meal break was not related to her duties but instead was purely for her personal benefit which should also preclude an award of compensation.

It is well established that the requisite proof that an injury resulting in death arises out of one's employment need not be made by direct evidence, but may be established by circumstantial evidence leading to a logical and reasonable inference of a causal connection between a risk of the employment and resulting injury. (*Siete v. Industrial Com. (1962), 24 Ill.2d 368; Hunter Packing Co. v. Industrial Com. (1953), 1 Ill.2d 99; Jefferson Ice Co. v. Industrial Com. (1949), 404 Ill. 290; Grola v. Industrial Com. (1944), 388 Ill. 114.*) With respect to the element of causation, it is also well settled that it is not incumbent upon the claimant to prove that the hazard to which he was exposed in the employment environment was the sole cause of the injury. As we stated in *City of Chicago v. Industrial Com. (1970), 45 Ill.2d 350, 352:* " 'To come within the statute the employee must prove that some act or phase of the employment was a causative factor in the ensuing injury. He need not prove it was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury'."

In our opinion, the only logical and reasonable inference which can be drawn from the evidence in the record before us is that the condition of the parking lot was a contributing cause of Mrs. Hedrick's death. It can hardly be disputed that the slope of the lot, its proximity to the Illinois Deep Waterway and the lack of any guardrails or other barriers at the edge of the canal created a particularly hazardous situation for employees who used the lot. On the night of her death, the decedent was in good spirits and good health, and there is absolutely no evidence from which any inference could be drawn that she took her own life or that her death resulted from other than accidental means. The logical explanation of what happened that night is that since it was "very cold" the

decedent left her work area about ten minutes prior to her meal break to warm up her car before returning to the building to eat; that she went out into the parking lot, got in the car, and for some unknown reason the car was set in motion and accidentally rolled over the nearby retaining wall of the canal into the water where she drowned; and that the hazardous conditions of the lot were a contributing factor in the accident.

Respondent advances the argument that the Commission may have concluded that the decedent's automobile plunged into the canal because of some mechanical trouble peculiar to the car such as a frozen or locked gearshift, brakes which failed or a defective steering wheel. We note, however, that there is no evidence whatsoever to indicate any such mechanical difficulties with decedent's car. But even if such an inference could be legitimately drawn, it would not necessarily alter our conclusion that the hazardous conditions of the lot were a contributing cause of the accident.

In support of its contention that compensation should be denied since the decedent's trip to the parking lot to warm up her car was purely for her own personal benefit and was unrelated to her duties as an employee, respondent relies on *Mazursky v. Industrial Com. (1936), 364 Ill. 445*, and *Fisher Body Division, General Motors Corp. v. Industrial Com. (1968), 40 Ill.2d 514*. In *Mazursky*, an employee suffered injuries on the premises of his employer while attempting to repair a wheel which he had taken off his personal automobile. In the *Fisher Body* case, the employee was injured when a battery in his car exploded while he was attempting to recharge it in his employer's parking lot. In each case, compensation was denied on the grounds that when the employee in question undertook the repair of his own automobile he assumed risks which were strictly personal in nature and which were totally unrelated either to the duties of his employment or the condition of his employer's premises. We think it is evident that in going to the lot to warm up her car prior to her

meal break, Mrs. Hedrick was not engaged in the kind of strictly personal activity giving rise to the type of risks personal to the employee involved in the *Mazursky* and *Fisher Body* cases. Here, the risks to which she was exposed were those inherent in the conditions of the parking lot maintained by her employer, and there was no showing that those conditions at 7:20 P.M. that night were any more hazardous than at other times when employees customarily used the lot—for example while going to and departing from work. (*Hiram Walker & Sons v. Industrial Com. (1968), 41 Ill.2d 429.*) Moreover, it was clearly contemplated by Material Service Corporation that its employees would venture to the parking lot to start and warm up their cars during the period immediately preceding the meal break on those occasions when to do so would presumably serve to facilitate their departure from the premises at the end of the work day. This is precisely what Mrs. Hedrick was doing at the time she met her death, and we believe that the considerations which led to the conclusion that compensation was payable in the *Hiram Walker & Sons, Chmelik, Carr* and *De Hoyos* cases are equally applicable under these circumstances.

Respondent's final contention is that it was the prerogative of the Industrial Commission and not that of the circuit court to make factual determinations as to the cause of the decedent's death. The principle upon which respondent relies is inapplicable here, since the circumstantial evidence was undisputed, and as we have indicated above, it could not give rise to permissible conflicting inferences on the issue of causation. Therefore, the question of whether claimants were entitled to workmen's compensation benefits became one of law, and in our opinion, that issue was correctly resolved by the circuit court in their favor.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*