(No. 45783.—

UNION STARCH, DIVISION OF MILES LABORATORIES, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Lloyd E. Curtis, Appellee.)

*Opinion filed January 23, 1974.*

James B. Gallen, and Evans and Dixon, of St. Louis, Missouri, for appellant.

Lance Callis, of Callis & Filcoff, of Granite City, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The claimant, Lloyd E. Curtis, received an award under the Workmen's Compensation Act, and the circuit court of Madison County confirmed the award. This is an appeal from that judgment. The issue before this court is whether the injury arose out of and in the course of Curtis's employment.

The material facts are not in dispute. Curtis had been employed by Union Starch, Division of Miles Laboratories, Inc., and its predecessor companies, for about 15 years. On the date in question, he was working the 3:00 P.M. to 11:00 P.M. shift, in the refinery building. There was no set time for the evening meal or a break period. Workers sometimes asked permission from their foreman before leaving their work site. Curtis left his work site at about 5:30 P.M. to get a soft drink from a machine located in another building which adjoined the one in which he worked, by a tunnel way at the third-floor level. After going to the soda machine, he went to a nearby window located approximately two feet above the floor, opened it and stepped out on an adjoining roof, which was about five inches below that window. Curtis stated that he went on the roof to get fresh air and that it was a practice to go out on roofs and fire escapes to get fresh air.

Curtis testified that he took a few steps on the roof when it gave way, and he fell to the ground below and suffered injuries. This particular roof was constructed of corrugated compressed sheets of cement and fiber material, and covered a shed which protected tank cars from inclement weather while they were being washed. The roofs, other than the one in question, were over brick structures, and were covered with conventional tar-type roofing, and it was on these roofs that employees had customarily ventured to get fresh air. Prior to the day in question, Curtis had not seen anyone on the particular roof through which he fell; however, there were no signs

warning anyone to stay off of this roof. Curtis had no personal knowledge as to its composition.

If undisputed facts upon any issue permit more than one reasonable inference to be drawn therefrom, the determination of such issue presents a question of fact, and the conclusion of the Commission will not then be disturbed on review unless it is contrary to the manifest weight of the evidence, but if the undisputed facts are susceptible of but a single inference, then the issue becomes one of law, to be determined by this court. *Henn v. Industrial Com.* (1954), 3 Ill.2d 325; *Ceisel v. Industrial Com.* (1948), 400 Ill. 574, 586-587; *Orr v. Industrial Com.* (1970), 47 Ill.2d 242, 243.

The appellant argues that under the factual setting of this case the question of whether the injuries arose out of and in the course of employment becomes a question of law, for our determination. The injury must both "arise out of" and "in the course of" employment to be the basis for an award. (*Loyola University v. Industrial Com.* (1951), 408 Ill. 139, 143; *Scholl v. Industrial Com.* (1937), 366 Ill. 588, 592.) An injury "arises out of" one's employment if its origin is in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the accidental injury. (*Material Service Corp. v. Industrial Com.* (1973), 53 Ill.2d 429, 433; *Chmelik v. Vana* (1964), 31 Ill.2d 272, 277.) The words "in the course of" relate to the time, place and circumstances under which the accident takes place; an injury occurring within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while fulfilling those duties or doing something incidental thereto. *Wise v. Industrial Com.* (1973), 54 Ill.2d 138, 142; *Ceisel v. Industrial Com.* (1948), 400 Ill. 574, 580.

The critical question here is whether this injury was sustained "in the course of" Curtis's employment. It seems reasonably clear to us that the Commission could find that

the evidence established that the injury "arose out of" his employment—that is, there was a causal connection between the employment and the injury. The working premises were warm; Curtis apparently was seeking relief from the heat and stuffy air, and was injured because of the particular place on the premises where he chose to do so. The Commission could reasonably infer that the cause of the injury was related to the employment environment and not to a hazard to which Curtis would have been equally exposed apart from his employment. *Material Service Corp. v. Industrial Com.* (1973), 53 Ill.2d 429, 433.

The court in *Material Service Corp.* found an injury "arose out of" the employment when caused by a hazardous condition in the parking lot. It noted that a claimant need not establish that the hazard to which he was exposed by reason of his employment was the sole cause of the injury; it need establish "only that it was *a* causative factor in the resulting injury." (53 Ill.2d at 434, citing *City of Chicago v. Industrial Com.* (1970), 45 Ill.2d 350, 352.) The court distinguished two cases—one where an employee was injured while attempting to repair a wheel he had removed from his personal car, and one, where an employee was injured when the battery on his personal car exploded while he was attempting to recharge it—as indicative of cases where the injuries resulted from assumed risks, strictly personal and totally unrelated to the duties of employment or the conditions of the employer's premises. 53 Ill.2d 429, 435-436.

In *Williams v. Industrial Com.* (1967), 38 Ill.2d 593, this court found that an employee, who was injured when he choked while eating, and blacked out and fell, did not suffer an injury "arising out of" his employment. The employment did not significantly increase the risk of one being injured by reason of falling while eating, choking, and blacking out. Unlike *Williams,* in the present case the condition of the premises was a causative factor, and the employment did increase the risk exposure.

The more difficult question is whether there was a proper basis for inferring that this injury was sustained "in the course of" employment. Generally, acts of personal comfort, such as getting fresh air, are deemed reasonable, and injuries sustained by employees falling from roofs or windows when trying to obtain relief from heat or stuffiness of the working conditions are found to be incurred "in the course of" employment. Wiedner, The Workmen's Compensation Act, 1967 U. Ill. L.F. 21, 36-37; Larson, The Law of Workmen's Compensation, secs. 21.52, 21.81; also see: *Sparks Milling Co. v. Industrial Com.* (1920), 293 Ill. 350, 356; 37 I.L.P. Workmen's Compensation, sec. 146.

Our courts have found that incidental, or nonessential acts of the employment, such as seeking personal comfort, may not be within the course of employment if done in an unusual, unreasonable, or unexpected manner. (*White Star Coach Lines v. Industrial Com.* (1929), 336 Ill. 117, 123-124; *Vincennes Bridge Co. v. Industrial Com.* (1933), 351 Ill. 444, 450.) In such cases, however, even if the conduct is unreasonable or unusual, yet if the employer has knowledge of or acquiesces in such conduct as a custom or practice, there is liability under the Act. *Sunnyside Coal Co. v. Industrial Com.* (1920), 291 Ill. 523, 526-527; *Payne v. Industrial Com.* (1920), 295 Ill. 388, 391, 394-395.

In this case it apparently had been a custom, for the 15 years that Curtis had been in the employ of the company, for employees to seek refuge on the roofs for fresh air. Such conduct might be deemed an added risk or an unusual departure from the employee's duties. The act of Curtis in going on the roof in question could be so considered; yet there was no express prohibition against using this window to go onto the roof and the roof was easily accessible through this window. It is not unreasonable to infer from this that Curtis could have assumed there was no prohibition against so using this roof. Under the facts of this case the Commission could appropriately

278

conclude that Curtis was within the course of his employment when injured; that he was doing something incidental to his employment at the time, and, in view of the custom or practice, that he was at a place he might reasonably be expected to have been. The determination of factual questions is primarily for the Commission, and its findings will not be set aside unless they are contrary to the manifest weight of the evidence. *Orr v. Industrial Com.* (1970), 47 Ill.2d 242, 243.

Different reasonable inferences could be drawn from the facts of this case. Under such circumstances this court may not conclude that it was not proper for the Commission to find that the injury arose out of and in the course of Curtis's employment. The judgment of the circuit court is thus affirmed.

*Judgment affirmed.*