MONNIE WILLIAMS, Individually and as Special Adm'r of the Estate of Ross Williams, Deceased, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE COMPANY *et al.,* Defendants-Appellees.

(No. 60153; )

First District (4th Division)—April 23, 1975.

John Bernard Cashion and Jerry B. Lucas, both of Chicago, for appellant.

Wiedner & McAuliffe, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff was injured in an automobile accident which occurred on the grounds of Manteno State Hospital on March 31, 1971. She brought an action for declaratory judgment concerning her rights under a policy of automobile insurance issued by the defendant. The trial court found that the accident arose out of and in the course of the parties' employment. Thus, plaintiff's sole recourse was under the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, § 138.1 *et seq.*), and there existed no coverage under the policy. In this appeal, plaintiff contends that the occurrence did not arise out of and in the course of employment.

The facts may be summarized as follows. Plaintiff, Monnie Williams, and her husband, Ross Williams, were both employed by Manteno State Hospital, which is located in Kankakee County and operated by the State of Illinois. Mrs. Williams worked in the hospital cafeteria and Mr. Williams was assigned to the barber shop. They both worked the same hours: from 8 A.M. to 4:30 P.M.

At the time of the accident, Mrs. Williams was a passenger in an automobile driven by her husband. After entering the hospital grounds, Mr. Williams waited in their automobile while Mrs. Williams went to the patients' dining room in order to punch her time card. She then went back to the car, and they were proceeding towards the cafeteria, some 7½ blocks away, when the accident occurred. Mr. Williams customarily drove his wife to the patients' dining room where her time card was kept and then to the cafeteria where she worked. He would then drive to the barber shop which was his place of employment.

Percell Faulkner was also an employee of Manteno State Hospital. At the time of the occurrence, Faulkner was on the hospital premises driving his car toward the laundry where he worked. The collision occurred as Faulkner's car was going west and the car driven by Mr. Williams was going south. The time of the accident was about 7:45 A.M., which was approximately 15 minutes before Faulkner was scheduled to begin his duties. It was stipulated by the parties that Faulkner was uninsured at the time of the occurrence.

The accident occurred on a roadway about 200 feet inside the entrance to the hospital grounds. None of the roadways on the hospital premises have signs on them by street number or street name. The roadways go to and from the various buildings of the hospital complex and parking lots. They do not serve as connector streets between public areas outside the complex. According to Faulkner, the collision occurred about 30 feet from the parking lot entrance where he always parked his automobile. Mr. Williams usually parked his car alongside the barber shop.

Both vehicles were required by the hospital to have a Department of Mental Health sticker and to register with the hospital's security office. The accident was investigated by security personnel from Manteno State Hospital.

After the accident, Monnie Williams, Ross Williams, and Percell Faulkner filed claims with the Industrial Commission. Faulkner effected a settlement of his claim and entered into a lump sum settlement contract with the Industrial Commission. Monnie Williams received temporary benefits pursuant to her application, and an application for permanent disability benefits was pending at the time of trial. Ross Williams' application was also pending when the trial commenced.

After the proof and final arguments in the case were completed, the court found that the acts of Percell Faulkner and Ross Williams arose out of and in the course of their employment at Manteno State Hospital. An order was then entered, declaring that no coverage was provided by the policy of insurance in controversy, that all three individuals involved were in the course and scope of their employment, and that the injuries arose out of their employment. Plaintiff appeals from that order.

■■ Under the terms of the automobile insurance policy issued by the defendant to the plaintiff, "Coverage U" states that coverage is provided for bodily injury resulting from damage caused by an uninsured motorist. It is undisputed that Percell Faulkner at the time of the accident was uninsured. However, "Coverage U" further provides that coverage is extended only in instances where the insured or his representative has a legal right to recover damages from the uninsured motorist. The Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, § 138.5(a)) pre-

cludes a common law action by an employee against a co-employee if the parties are covered by the provisions of the Act or the injury arises out of and in the course of their employment. *Chmelik v. Vana* (1964), 31 Ill.2d 272, 274, 201 N.E.2d 434, 436; *Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill.2d 618, 161 N.E.2d 812.

Defendant argues that, by virtue of the Act, a common law action cannot be maintained by plaintiff against Percell Faulkner, the uninsured motorist and fellow employee, because their acts were within the ambit of the statute and their injuries arose out of and in the course of their employment. Therefore, defendant submits, the exclusion in "Coverage U" bars plaintiff from collecting any benefits under the insurance policy, and her remedies are limited to her rights under the Act. Conversely, plaintiff contends that the facts of this occurrence would entitle her to maintain a common law action against Faulkner.

■■ An injury "arises out of" one's employment if its origin is in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the accidental injury. (*Union Starch v. Industrial Com.* (1974), 56 Ill.2d 272, 275, 307 N.E.2d 118, 120; *Material Service Corp. v. Industrial Com.* (1973), 53 Ill.2d 429, 292 N.E.2d 367; *Chmelik v. Vana* (1964), 31 Ill.2d 272, 201 N.E.2d 434.) The words "in the course of" relate to the time, place and circumstances under which the accident takes place—an injury occurring within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while fulfilling those duties or doing something incidental thereto. *Union Starch v. Industrial Com.* (1974), 56 Ill.2d 272, 275, 307 N.E.2d 118, 120; *Wise v. Industrial Com.* (1973), 54 Ill.2d 138, 295 N.E.2d 459.

It has long been recognized that a person is covered by the Act when going to and from work on the employer's premises. (*Mt. Olive and Staunton Coal Co. v. Industrial Com.* (1934), 355 Ill. 222, 189 N.E. 296.) This rule was succinctly stated by the court in *M & M Parking Co. v. Industrial Com.* (1973), 55 Ill.2d 252, 257, 302 N.E.2d 265:

> "It is well settled that an injury accidentally received by an employee on the premises of his employer while going to or from his place of employment by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of his employment."

In *Jewel Companies, Inc. v. Industrial Com.* (1974), 57 Ill.2d 38, 310 N.E.2d 12, the claimant sustained an injury while riding his motorcycle on the employer's roadway as he went towards a cafeteria for lunch. There was no evidence that Jewel objected to employees eating at a restaurant other than the one closest to the place in which they worked.

The court found that the evidence supported the Commission's finding of a causal connection between the injury and the employment and affirmed its finding that the accident arose out of the claimant's employment. Likewise, in this case the accident occurred on the employer's premises on a roadway furnished by the employer to facilitate travel within the hospital complex.

In *Mast v. Rogers* (1969), 118 Ill.App.2d 288, 254 N.E.2d 179, the plaintiff had exited in an automobile from her employer's parking lot and was approaching a highway on an employer-controlled roadway when she was injured by a coemployee's automobile. Both had completed their work day. The court found the injury arose out of and in the course of the plaintiff's employment. The same result was reached in *Chmelik v. Vana* (1964), 31 Ill.2d 272, 201 N.E.2d 434, where the accident occurred in the employer's parking lot at the conclusion of the work day. The court stated:

> "The lot was used as an adjunct of the employer's plant, it was furnished and maintained by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment. * * *
>
> We conclude that the accidental injury here did arise out of and in the course of the employment * * *." 31 Ill.2d 272, 279-80.

■■ The facts in the instant case are strikingly similar to those that existed in the foregoing cases. In this case, all of the parties involved in the accident had arrived on the premises of their employer, Manteno State Hospital, when the accident occurred. They were all proceeding to their respective work locations on roadways under the care, maintenance and control of the employer hospital. The roadways of the hospital were not used by members of the public at large but primarily facilitated employee traffic movement inside the expansive areas of the hospital complex. Vehicle stickers were issued by the hospital to the employees, and the hospital's security personnel investigated the accident in question. In view of these facts, we find that the accident involved in this controversy arose out of and in the course of the parties' employment.

The cases cited by the plaintiff are readily distinguishable. She relies upon *Osborn v. Industrial Com.* (1972), 50 Ill.2d 150, 277 N.E.2d 833, where the court held that the accident did not arise out of the scope of plaintiff's employment. However, in *Osborn,* plaintiff was injured while crossing a public street located between the factory where she worked and the employer's parking lot across the street. Here, the accident did not occur on a public street but on a roadway that was under the control of the employer.

In *Spees v. Stapleton* (1969), 111 Ill.App.2d 254, 250 N.E.2d 181, also cited by the plaintiff, an employee was injured while attempting to extricate a co-employee's automobile from snow on employer's parking lot some 30 minutes before starting work. The court held that the activity which led to the injury was not incidental to the plaintiff's employment and thus was not compensable under the Act. In the instant case, however, the parties were not involved in a solely personal matter which was assumed at their own risk, but were proceeding to their respective work locations when the accident occurred. Thus, the cases relied on by the plaintiff in which the injuries resulted from assumed risk, strictly personal and unrelated to the duties of employment or the conditions of the employer's premises, have no application to the case at bar.

We have carefully examined the facts of this case in light of the prevailing case law regarding employee accidents prior to or after scheduled working hours that occur on premises controlled by the employer. In our opinion, there was sufficient evidence for the trial court to conclude that the injuries arose out of and in the course of the parties' employment. Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.