FARMERS   AUTOMOBILE   INSURANCE   ASSOCIATION   *et*   *al.*,
Plaintiffs-Appellants, v. JAY HUNT, JR., *et al.*, Defendants-Appellees.

Third District   No. 3—98—0021

Opinion filed September 14, 1998.

Bradley W. Dunham and Jo T. Wetherill, both of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellants.

LeRoy A. Compton, of Goldfine & Bowles, P.C., of Peoria, for appellee Jay Hunt, Jr.

Edward T. Habecker, of Hinshaw & Culbertson, and James M. Tomlin, both of Peoria, for appellee Edward R. Sparks.

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiff, Farmers Automobile Insurance Association, filed suit for declaratory judgment in the circuit court of Peoria County (735 ILCS 5/2—701 (West 1994)), asking the court to declare that Farmers has no duty to defend or to indemnify the defendant, Edward Sparks. On cross-motions for summary judgment, the trial court denied Farmers' motion and granted defendant Jay Hunt's cross-motion. The principal question presented in this appeal is whether an insurance company has a duty to defend and to indemnify an insured who drives negligently while towing an uninsured trailer. We affirm in part and reverse in part.

I

On November 13, 1996, Jay Hunt filed a complaint in the circuit court of Peoria County alleging that Edward Sparks negligently operated a trailer unit causing severe injury to Hunt.

Sparks, who was driving a Ford pickup truck towing a Cronkite trailer, stopped for a traffic light at the corner of University and West Columbia Terrace in Peoria. At the intersection, he noticed a man on a bicycle next to his truck. The light changed and Sparks drove away. Hunt testified that he was also at the corner of University and West Columbia Terrace, and after the light changed, he rode his teal blue bike down Columbia Terrace. After the truck passed, Hunt felt a bang at the back of his bike, but he did not know what hit him.

Investigating police officer Greg Metz found small chips of teal blue paint on the metal mud guard that surrounds the rear wheels of Sparks' Cronkite trailer. The load capacity of the Cronkite trailer is greater than 2,000 pounds.

On April 2, 1997, Farmers, Sparks' insurer, filed a declaratory judgment action asking the court to determine the rights and liabilities of the parties with respect to the Farmers' auto liability policy.

The parties filed cross-motions for summary judgment on the coverage issue. In granting the summary judgment for Hunt, the court found: (1) the Ford pickup truck was covered under the insurance policy; (2) the trailer was not a covered auto because the load capacity

exceeded 2,000 pounds; (3) although the trailer was not a "covered auto," that fact does not extinguish coverage for the Ford pickup; and (4) there is no provision in the policy that excludes a covered auto if it is pulling a trailer that fails to meet the definition of a covered auto. This appeal followed.

## II

■ Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). In appeals from summary judgment rulings, the appellate court is to conduct a *de novo* review. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992). At issue is whether the insurance company has a duty to defend and to indemnify Sparks in the underlying suit.

■ The duty to defend arises if the underlying complaint alleges facts within or potentially within the insured's policy coverage. *Outboard Marine Corp.*, 154 Ill. 2d at 107-08, 607 N.E.2d at 1212. In determining whether an insurer has a duty to defend its insured, the court must look at the allegations in the underlying complaint and compare them with the relevant provisions of the insurance policy. *Outboard Marine Corp.*, 154 Ill. 2d at 107-08, 607 N.E.2d at 1212.

■ A court's primary duty in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed within the policy. *Outboard Marine Corp.*, 154 Ill. 2d at 107-08, 607 N.E.2d at 1212. To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract. *Outboard Marine Corp.*, 154 Ill. 2d at 107-08, 607 N.E.2d at 1212. If the words in the policy are clear and unambiguous, a court must afford them their plain, ordinary, and popular meaning, and the policy must be enforced as the plain meaning dictates. *Outboard Marine Corp.*, 154 Ill. 2d at 107-08, 607 N.E.2d at 1212. However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed liberally in favor of the insured and against the insurer that drafted the policy. *Outboard Marine Corp.*, 154 Ill. 2d at 108-09, 607 N.E.2d at 1212.

The complaint alleged that Sparks was driving a Ford pickup truck towing a trailer and that the trailer and/or pickup truck struck Hunt, causing injury. The relevant portion of the insurance policy reads:

"We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insur-

ance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto."

The question this court must decide is whether the underlying action for compensatory relief potentially falls within the coverage afforded by Farmers' policy for damages, thereby triggering Farmers' duty to defend Sparks.

Farmers argues that this is a "noncoverage" issue and not an exclusion issue, meaning the policy does not specifically exclude trailers over 2,000 pounds; rather, the trailer failed to meet automatic inclusion of coverage and therefore no language within the policy applies. Conversely, Sparks argues that the operative language within the policy is "resulting from the ownership, maintenance, or use of a covered auto."

■ The phrase at issue, "resulting from," is synonymous with the phrases "arising out of," "connected with," "originating from," "growing out of," and "flowing from," which have been recognized repeatedly as being broad as well as vague. *Sportmart, Inc. v. Daisy Manufacturing Co.*, 268 Ill. App. 3d 974, 978, 645 N.E.2d 360, 363 (1994) (holding that coverage is required for all bodily injury arising out of, growing out of or resulting from Daisy's product). In worker's compensation claims and insurance litigation, such language is considered satisfied by a mere causal connection and does not necessarily require proximate causation. See *Chmelik v. Vana*, 31 Ill. 2d 272, 277-78, 201 N.E.2d 434, 438 (1964) (holding that words "arising out of" refer to the origin or cause of the accident and presuppose a causal connection between employment and the accidental injury); *Maryland Casualty Co. v. Chicago & North Western Transportation Co.*, 126 Ill. App. 3d 150, 155, 466 N.E.2d 1091, 1094 (1984) (holding that the duty to defend is required of insurer when phrase "arising out of ownership, maintenance or use of designated properties" is found broad and vague; thus, liberal construction results in "but for" causation analysis). Similarly, the broad language at issue here must be construed strictly against the drafter of the policy, Farmers, to require coverage for bodily injury or property damage "resulting from the use of a covered auto." Since Hunt's injury would not have occurred but for Sparks' use of the covered auto, the underlying action falls potentially within the coverage afforded by Farmers, thereby triggering its duty to defend Sparks. *Sportmart, Inc.*, 268 Ill. App. 3d at 978, 645 N.E.2d at 363.

A comparison of the allegations in the complaint with the policy language shows: (1) nothing in the policy states that if an insured tows a trailer weighing over 2,000 pounds the coverage is extinguished; and (2) the complaint alleges that the covered Ford pickup was towing

a trailer and the trailer and/or truck struck Hunt. In sum, absent an applicable statement in the insurance policy showing an intent to exclude coverage, Farmers had a duty to defend Sparks in what clearly constitutes a suit seeking damages. *Outboard Marine Corp.*, 154 Ill. 2d at 112, 607 N.E.2d at 1214.

■ The narrower duty of indemnification is ripe for consideration only when the insured has incurred liability in the underlying claim. *Outboard Marine Corp.*, 154 Ill. 2d at 127-28, 607 N.E.2d at 1221. Nothing within the record indicates that Sparks has incurred any liability. Therefore, the circuit court erred when it acted prematurely in its grant of summary judgment to Hunt on the issue of indemnification.

### III

In sum, we affirm the circuit court's denial of Farmers' motion for summary judgment and the summary judgment entered on behalf of Hunt on the question of Farmers' duty to defend where the (1) complaint alleges facts potentially within the coverage of the policy, and (2) the insurance policy does not contain an express exclusion statement. We reverse the circuit court's error where it prematurely granted summary judgment to Hunt on the issue of Farmers' duty to indemnify.

Affirmed in part, reversed in part and remanded.

BRESLIN and SLATER, JJ., concur.