(No. 37075.—)

MAURO DE HOYOS, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Moline Malleable Iron Company of St. Charles, Illinois, Plaintiff in Error.)

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

Klingbiel and House, J.J., dissenting.

Henry L. Kane & Arthur O. Kane, both of Chicago, (Samuel J. Doy, of counsel,) for plaintiff in error.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, (William C. Murphy and William J. Foote, of counsel,) for defendant in error.

Mr. Justice Daily delivered the opinion of the court: of the court:

Mauro De Hoyos filed an application for adjustment of claim with the Industrial Commission claiming compensation for injuries sustained while he was an employee of Moline Malleable Iron Company of St. Charles, Illinois. The arbitrator entered an order finding that Mauro De-Hoyos sustained an accidental injury arising out of and in the course of his employment. The Industrial Commission set aside the award and found that the employee failed to prove that he sustained accidental injuries arising out of and in the course of his employment. The circuit court of Kane County reversed the finding of the Industrial Commission and granted an award to the claimant.

Upon writ of error to review the judgment of the circuit court of Kane County, the case is now before us. It is the contention of the employer that the decision of

the Commission was one of fact and should not have been disturbed by the circuit court, and that there is no basis in law for an award to the employee.

It appears that Mauro De Hoyos was injured on December 8, 1958. He testified that he drove his automobile to work and parked it in a parking lot where other employees' cars were parked. He got out of his car and walked 15 to 20 feet when he slipped and fell on his knee while on the way to the plant entrance. Two employees of employer helped him up and carried him to the plant from whence he was removed to a hospital where X-rays were taken and his right leg placed in a cast. At the time of the hearing his knee was still sore and would "buckle" on him. The testimony of the claimant further reveals that the parking lot was provided by the employer and was regularly used by its employees. It had been snowing and there was ice under the snow on the parking lot. The place where he slipped and fell was on the parking lot. Although he testified that the parking lot was owned by Moline Malleable and that he had been parking in that lot for twelve years, cross-examination revealed that the employee did not know, as a matter of fact, whether the employer owned the parking lot or not. The only other testimony as to how the accident happened was provided by Larry Hampel who, testifying for the employer, stated that he saw the employee, De Hoyos, sitting on the ground. He took pictures of the location where De Hoyos fell and identified a man in the photograph received in evidence as standing in what he thought was approximately the place where he first saw De Hoyos. Cross-examination of Hampel revealed that the ground was covered with snow and ice; that the parking lot is customarily used by the employees of Moline Malleable; that there are three routes which De Hoyos could have used from where he parked his car to reach the plant, and that the employee was using possibly the easiest route. It also revealed that Hampel was 150 feet from

De Hoyos when he first saw him and that he did not see De Hoyos fall.

The employer argues that the decision of the Commission was one of fact and should not have been disturbed by the circuit court, citing many cases as authority for the proposition that the question of whether or not an injury can be considered as having arisen out of and in the course of his employment is one of fact. This rule has been held applicable to the question of whether or not an injury suffered while going to or returning from work is one arising out of and in the course of the employment. With these authorities we have no quarrel. It is also well established that the decision of the Industrial Commission on facts will not be disturbed by this court unless the findings are manifestly against the weight of evidence. However, employer's argument' that the evidence is uncontradicted that De Hoyos was not on company premises and that his fall was caused by the elements and not by the circumstances of his work is not borne out by the record. De Hoyos testified that he walked 15 to 20 feet from his automobile when he slipped and fell and that he was still on the company's parking lot at this time. Although De Hoyos on cross-examination stated that he did not know who owned the parking lot, he did state that the lot was provided for by the employer and was adjacent to the employer's plant. Hampel, employer's witness, on cross-examination stated that he did not see De Hoyos fall. As a factual matter, it is uncontradicted that De Hoyos fell on a parking lot provided by his employer and where he had parked during the last 12 years. Whether or not the employer owned the parking lot is immaterial; for if the employer provides a parking lot which is customarily used by its employees, the employer is responsible for the maintenance and control of that parking lot. Therefore, the question presented to the circuit court was not one of disputed fact or whether the decision of the Industrial Commission was manifestly

against the weight of the evidence, but whether, when an employer provides a parking lot for employees and an employee falls on the parking lot, this fact being uncontroverted on the record, the employee is entitled to recover as a matter of law.

This court has consistently held that where an employee is injured on company property while going to or leaving work such injuries are compensable. (*Wabash Railway Co. v. Industrial Com.* 294 Ill. 119; *Cunningham v. Metsger*, 258 Ill. App. 150.) We have previously pointed out that whether the employer owns or does not own the parking lot is immaterial so long as the employer has provided the parking lot for its employees.

Finally, as to the contention of the employer that De-Hoyos's fall was caused by the elements and not by the circumstances of his work, an employee who falls on a parking lot provided by his employer while proceeding to work, we believe, is subjected to hazards to which the general public is not exposed. Accordingly, the findings and judgment of the circuit court of Kane County are affirmed.

*Judgment affirmed.*

KLINGBIEL and HOUSE, JJ. dissenting.