(No. 39989.—

MAXIM'S OF ILLINOIS, INC., Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Elma R. Buhs, Appellant.)

*Opinion filed November 14, 1966.*

MITCHEM, HENDRIX & ALDEEN, of Urbana, (CHARLES W. HENDRIX, of counsel,) for appellant.

THOMAS, MULLIKEN & MAMER, of Champaign, (ROGER E. HAUGHEY, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This is an appeal from an order of the circuit court of Champaign County setting aside an award of compensation by the Industrial Commission to claimant, Elma R. Buhs, for injuries sustained in a parking lot on her way to work.

On December 4, 1964, claimant was employed by the respondent, Maxim's of Illinois, Inc., as a beautician. The employer's shop was located on the second floor of W. Lewis & Co., a department store in Champaign, Illinois. That morning claimant telephoned the manager of the beauty shop, Jaye Bunker, and asked if she could ride to work with her because it was raining. Miss Bunker picked claimant up in her automobile at claimant's home about 7:15 A.M. En route Miss Bunker took care of a personal errand and then drove to the W. Lewis & Co. parking lot. This parking lot is separated from the W. Lewis & Co. store by another store known as Rogards and another parking lot. After Miss Bunker parked in the lot, both claimant and Miss Bunker got out of the car. Miss Bunker carried some coffee and sugar to take into the shop to furnish to customers. Since it was raining, the claimant raised her umbrella, went around the automobile, and then started walking with Miss Bunker under the umbrella. The parking lot was slippery and claimant slipped and fell breaking her right ankle. Later while recuperating at home and while on crutches, she fell·breaking her left wrist.

. An arbitrator of the Industrial Commission upon hearing held in favor of the employer, and the Industrial Commission on review reversed the arbitrator and held in favor of the claimant and made an award. The circuit court of Champaign County reversed the Industrial Commission and denied compensation.

The claimant contends that the finding of the Industrial Commission awarding compensation was not against the manifest weight of the evidence and states that the only

issue is whether or not the claimant was in the course of and within the scope of her employment at the time of her injury. Employer's theory is that claimant's injuries occurred while she was on her way to work at a time when she was not performing any services for her employer and that the injuries are not compensable as a matter of law.

It appears that the employees of the employer do not customarily use this parking lot; that claimant usually went to work by bus; and that Miss Bunker removed her car from the parking lot shortly after claimant was injured. It was stipulated that the parking lot in question is a parking lot for W. Lewis & Co.'s customers. The lease between W. Lewis & Co. and the employer, Maxim's, does not refer to any parking lot facilities.

Although claimant contends that it was error for the circuit court to substitute its judgment for that of the Industrial Commission upon questions of fact where the decision of the Industrial Commission is not manifestly against the weight of the evidence, the facts herein are undisputed and a question of law is presented. "Ordinarily it is held that accidents that occur while an employee is going to or from his place of employment do not arise out of and in the course of employment, (*Public Service Co. of Northern Illinois* v. *Industrial Com.* 370 Ill. 334,) but this is not true where the employee's trip is determined by the demands of his employment. (*Sjostrom* v. *Sproule*, 33 Ill.2d 40.)" (*Urban* v. *Industrial Com.* 34 Ill.2d 159, 161.) The claimant attempts to bring herself within the latter rule by the testimony that Miss Bunker parked in this particular lot for the purpose of unloading some supplies for the beauty salon of the employer, and that she raised an umbrella and walked with her superior and was assisting her in a job which was being done for the benefit of the employer. However, it appears that she requested the ride for her own convenience and that she brought an umbrella because it was raining. Nowhere does it appear that she held the umbrella over Miss

Bunker's head at the request of Miss Bunker or for any other reason than common courtesy.

Claimant concedes that none of the cases cited in her behalf are factually analogous to this case. However she cites *DeHoyos* v. *Industrial Com.* 26 Ill.2d 110, and *Carr* v. *Industrial Com.* 26 Ill.2d 347, to support her theory. In each of these cases the employee was injured on parking lots owned or controlled by the employer and the lots were regularly used by the employees with the employer's knowledge and consent. These cases, of course, do not stand for the proposition that all injuries suffered by employees on parking lots arise out of and in the course of their employment.

The decisive issue in parking lot cases usually is whether or not the lot is owned by the employer, or controlled by the employer, or is a route required by the employer. The claimant herein has not brought herself within the factual situation within which recovery has been permitted, as the lease between the employer and W. Lewis & Co. is silent as to parking facilities, and Maxim's, the employer, provides no parking space for its employees and the claimant was not required to use the route traversed. Therefore the circuit court properly reversed the award of the Industrial Commission.

The decision of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*