(No. 46701.-

GARDENIA AARON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Archer Laundry, Appellee.)

*Opinion filed November 27, 1974*

Vitell & Vitell and Zimmerman, of Chicago (Scott J. Vitell, of counsel), for appellant.

Merrick & Van Driska, of Chicago (Terrance J. Van Driska, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County confirming a decision of the Industrial Commission reversing the arbitrator's award of benefits. The case comes directly to this court pursuant to Supreme Court Rule 302(a)(2). 50 Ill.2d R. 302(a)(2).

Petitioner, Gardenia Aaron, was at the time of her injury an employee of the Archer Laundry. At the hearing before the arbitrator she testified that on January 14, 1971, she left work at 3:30 p.m., picked up some cleaning from respondent's cleaning service, and proceeded to the respondent's parking lot where she was to meet a fellow employee, Ethel Slate, who was to give her a ride home. While walking to Miss Slate's car petitioner slipped and fell on a patch of ice, sustaining injuries to her right leg and ankle. She was taken home by Miss Slate and Joseph Wilson, also a fellow employee. Subsequently she was taken to the hospital by her husband, and a cast was applied to her leg.

Miss Slate and Mr. Wilson also testified before the arbitrator. Their versions of the events differ significantly from the petitioner's. Both stated that after leaving work they spent from 1½ to 2 hours in a nearby tavern, drinking. Petitioner was with them during this period. They left the tavern, and while walking towards Miss Slate's car in respondent's parking lot the petitioner slipped and fell.

The sole issue before us is whether petitioner's injury

arose out of and in the course of her employment. Petitioner contends that inasmuch as her injuries were sustained in a parking lot owned by her employer she is entitled to compensation "as a matter of law." The employer argues that because of her stop in the tavern the petitioner was not in the course of her employment at the time of her accident.

In prior cases this court has recognized that injuries which occurred on an employer's parking lot within a reasonable time before or after work arose in the course of employment. (*Material Service Corp. v. Industrial Com.*, 53 Ill.2d 429; *Hiram Walker & Sons, Inc. v. Industrial Com.*, 41 Ill.2d 429; *Chmelik v. Vana*, 31 Ill.2d 272; *DeHoyos v. Industrial Com.*, 26 Ill.2d 110.) However, the court has never held that all parking-lot injuries under whatever circumstances are compensable. It is only when the injury is incidental to the anticipated normal use of the parking lot that it arises in the course of employment. The question of whether an injury arose in the course of employment is a question of fact, and the Industrial Commission's resolution of that issue will not be disturbed on appeal unless manifestly against the weight of the evidence. *WKID Broadcasting Co. v. Industrial Com.*, 42 Ill.2d 236.

It is not enough that the injury occurs within the time of employment or on the premises of the employer; it must also have occurred in the course of some activity related to the employment. The course of employment may embrace a reasonable period of time before and after working hours as well as the going to and from work. However, a personal deviation by an employee can break the link with his employment. 1 A. Larson, The Law of Workmen's Compensation, secs. 20.00, 20.10, 21.60 (1972).

In view of the testimony that the petitioner and her co-employees did not go directly to the parking lot after leaving work but spent from 1½ to 2 hours in a tavern,

questions arise as to whether the injury occurred within a reasonable time after the petitioner left work and whether there had been a personal deviation which would sever the petitioner's link with her employment. The Industrial Commission resolved these questions adversely to the petitioner and found that her injury did not arise out of and in the course of her employment. We find that these determinations were not against the manifest weight of the evidence.

The petitioner relies on *Hiram Walker & Sons, Inc. v. Industrial Com.*, 41 Ill.2d 429. In that case the claimant arrived in his employer's parking lot slightly less than one hour before work, intending to eat breakfast at a nearby restaurant before the start of his shift. After alighting from his car and walking some 15 feet he slipped on a patch of ice and injured himself. In the *Hiram Walker* case the Industrial Commission found the issues in favor of the petitioner. In finding that the Commission's decision was not against the manifest weight of the evidence, this court observed: "He fell at about the time which he customarily checked in for work during his 24 years as an employee. On that morning, as on other mornings he had parked in the company lot intending to leave his car there throughout the working day. His presence in the lot was due entirely to his employment, and the risks to which he was there exposed because of the icy surface did not depend upon whether he went directly into the plant or detoured briefly to get breakfast." The facts in *Hiram Walker & Sons, Inc.* are substantially different from the facts in the present case. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*