THE COUNTY OF COOK, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Meta Arner, Appellee).

First District (Industrial Commission Division)   No. 1—87—1550WC

Opinion filed January 20, 1988.

Richard M. Daley, State's Attorney, of Chicago (Helen Haynes, Assistant State's Attorney, of counsel), for appellant.

Catena & Stelzman, of Chicago (Ruth E. Stelzman, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner Meta M. Arner sought workers' compensation benefits after an unknown assailant stabbed and robbed her during lunchtime in a parking lot adjacent to the building where her employer, respondent County of Cook, leased space. An arbitrator awarded $167.69 per week for 6²/₇ weeks as temporary total disability; $167.69 per week for 75 weeks for permanent disability to the extent of 15%; and $453.15 for necessary medical expenses. The Industrial Commission affirmed that decision, and the trial court confirmed the Commission's award. Respondent appeals, contending that the Commission's findings that the injuries arose out of and in the course of employment are contrary to law and contrary to the manifest weight of the evidence.

In 1977, petitioner, who had worked for respondent for 10 years, was a legal secretary for Judge Paul F. Gerrity in Harvey, Illinois. Respondent leased space in the building from the City of Harvey. Numerous felony trials were heard in the courthouse each day. On May 17, 1977, petitioner ate lunch in her car, which was parked in a small

lot adjacent to the building. It was not uncommon for the employees to eat in their cars because no lunchroom was provided in the building. Petitioner had a reserved parking space in the lot. Use of the lot was generally restricted to city and county employees, but sometimes members of the public also parked in the lot.

On May 17, a man approached petitioner's car, demanded money, and then repeatedly stabbed petitioner in the left arm, rib area, neck and lower abdomen. Petitioner suffered numerous lacerations, damage to a kidney, and fractured ribs. She was hospitalized for several weeks, and extensive surgery was performed to repair internal bleeding and the torn kidney. Petitioner returned to work on June 30, 1977. Her neck is partially paralyzed and she still experiences pain in her side.

On December 6, 1977, petitioner filed an application for adjustment of claim. On July 28, 1983, an arbitrator awarded temporary total disability and permanent disability benefits. On August 15, 1985, the Commission adopted the findings and decision of the arbitrator. It found that the injury occurred in a parking lot leased by respondent for its employees' use and that the lot was customarily used by employees to eat lunch. The Commission noted the absence of a lunchroom and the knowledge and acquiescence of respondent. The Commission found further that the injury was caused by a danger "generated by the employment, a risk to which petitioner was exposed to a greater degree than the general public because of the type of business conducted. Felony courtrooms were in session on the premises on a daily basis which exposed employees to an increased risk of being victimized." On April 22, 1987, the trial court confirmed the Commission's decision.

■ Respondent contends that the decision of the Commission is against the manifest weight of the evidence. An injury must arise out of and in the course of one's employment. (Ill. Rev. Stat. 1985, ch. 48, par. 138.2.) The question whether or not an injury arose out of and in the course of employment is usually one of fact for the Commission to decide. (*WKID Broadcasting Co. v. Industrial Comm'n* (1969), 42 Ill. 2d 236, 246 N.E.2d 277.) The court may not reject reasonable inferences drawn by the Commission based upon competent evidence merely because other inferences might be drawn by the reviewing court. *Eagle Discount Supermarket v. Industrial Comm'n* (1980), 82 Ill. 2d 331, 412 N.E.2d 492.

■ Respondent first contends that the lunchtime injury was not sustained in the course of petitioner's employment. The language "in the course of" refers to the time, place and circumstances of the in-

jury. (*Scheffler Greenhouses, Inc. v. Industrial Comm'n* (1977), 66 Ill. 2d 361, 362 N.E.2d 325.) Illinois compensates a covered employee for an accident which occurs during a lunch period if the employee is still on the employer's premises. Because the act of having lunch is reasonably incidental to the employment, compensation is allowed even where the injury was not actually caused by a hazard of employment. (*Eagle Discount Supermarket v. Industrial Comm'n* (1980), 82 Ill. 2d 331, 412 N.E.2d 492.) Thus, petitioner's injuries would be compensable if the parking lot were considered a part of the employer's premises.

██ Whether the injury occurred on the employer's premises is a factual question and the Commission must resolve conflicts and draw reasonable inferences from the evidence. (*C. Iber & Sons, Inc. v. Industrial Comm'n* (1980), 81 Ill. 2d 130, 407 N.E.2d 39.) Whether the employer owns the parking lot is not always material. It is sufficient if the lot is provided for the use of the employee. *C. Iber & Sons, Inc.*, 81 Ill. 2d 130, 407 N.E.2d 39, citing *DeHoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110, 185 N.E.2d 885.

The lease made no reference to parking spaces. The parking lot was adjacent to a city building where respondent leased office space for judges and their staffs, and courtroom space. The parking lot contains about 40 spaces. Petitioner testified that in 1967, the presiding judge assigned her a permanent parking space. Petitioner's parking space is several feet from one of two outside doors on that side of the building. The door was not open to the public, and petitioner needed a key to open the door. Judge Gerrity testified that the door was for county personnel.

Petitioner testified that four spaces were assigned for certain county employees. The remaining spaces were for city hall parking. The City of Harvey maintained the lot, which was not fenced. Other city employees could use the lot, but their spaces were not assigned. There were 25 or 30 county employees working in the courthouse, and they also used the parking lot. In addition, she believed that the general public used the lot.

Judge Gerrity testified that the parking lot was restricted to employees of Harvey and employees of the circuit court, but that the public would also park there. The city issued vehicle stickers to cars permitted to park in the lot. (See *Williams v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 274, 328 N.E.2d 117.) There were no parking meters.

██ Respondent argues that petitioner was not injured on its premises because respondent did not establish, own or maintain the

parking lot. The fact that the employer leases space and the area where the injury occurs is used by other tenants or the public does not necessarily mean it is not the employer's "premises." (See *Chicago Transit Authority v. Industrial Comm'n* (1986), 141 Ill. App. 3d 868, 491 N.E.2d 27.) In view of these facts, the Commission was entitled to find that the injury occurred on the "employer's premises" for purposes of determining whether the injury was sustained in the course of the employment.

■ It is not enough, however, to show that the parking lot injury occurred in the course of employment. Petitioner must also satisfy a second requirement by showing that the injury arose out of his employment. (See *Rogers v. Industrial Comm'n* (1980), 83 Ill. 2d 221, 414 N.E.2d 744; *Peel v. Industrial Comm'n* (1977), 66 Ill. 2d 257, 362 N.E.2d 332.) "Arising out of" refers to the casual connection between the employment and the injury; that is, the injury must have had its origins in some risk incidental to the employment. (*Eagle Discount Supermarket v. Industrial Comm'n* (1980), 82 Ill. 2d 331, 412 N.E.2d 492.) The danger causing the injury must be peculiar to the work or must have arisen out of a risk to which the employee is exposed to a greater degree than the general public by reason of the employment. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 509 N.E.2d 1005; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434.) If the injury results from a hazard to which the employee would have been equally exposed apart from the employment, then it does not arise out of it. *Greene v. Industrial Comm'n* (1981), 87 Ill. 2d 1, 428 N.E.2d 476; *WKID Broadcasting Co. v. Industrial Comm'n* (1969), 42 Ill. 2d 236, 246 N.E.2d 277.

Respondent contends that the injury here did not arise out of the employment because petitioner "was exposed to a risk equal to the risk to which the general public was exposed by sitting in her vehicle in a parking lot."

■ The setting is a small parking lot adjacent to an entrance to the building which required a key to open. While members of the public may have occasionally parked in the lot, it is unlikely that the public frequented the lot. Cars were issued vehicle stickers, which Judge Gerrity and the petitioner both had, but which the public apparently would not have received. Moreover, petitioner and three judges had reserved spaces, and petitioner testified that 25 or 30 other employees used the 40-space parking lot. Given these figures, it is doubtful that the small lot would accommodate much, if any, use by the public. The Commission could reasonably infer from the evidence that the public was not exposed to the same dangers as petitioner simply be-

cause the public rarely used the lot.

■■ Furthermore, where an employee is likely to encounter persons who are liable to attack the employee, the injury may arise out of the employment. (See *Krawiec v. Industrial Comm'n* (1940), 372 Ill. 560, 25 N.E.2d 27.) Judge Gerrity testified that one courtroom in the building was devoted entirely to the trial of felony cases. Approximately 30 to 40 felony cases were heard each day. Misdemeanors were heard in other courtrooms. The presence of criminal defendants, and the level of activity which caused petitioner to seek out her car for a lunch break, were unusual on the date of the attack.

On that day, there was a great deal of activity in the felony courtrooms, particularly because three new judges were transferred to the district. There was a 9:30 a.m., 11 a.m. and 1:30 p.m. call. The 11 a.m. call was not yet through when the attack occurred. Judge Gerrity testified that "[o]n this particular day [the volume] was quite heavy. If I recall correctly, it was still going and possibly could have gone as late as 1:00 o'clock." As to the 9:30 a.m. call, after a preliminary call and hearing motions, they would begin jury trials. The evidence demonstrates, therefore, the high likelihood that numerous criminal defendants would be on the premises during the noon hour on that particular day.

The Commission was entitled to find that the environment increased the risk of attack. Petitioner's employment was such that it particularly subjected her to the hazards of attacks by others. See, e.g., *Holthaus v. Industrial Comm'n* (1984), 127 Ill. App. 3d 732, 469 N.E.2d 237 (enhanced risk of criminal assault for swimming pool manager shot by escaped convict while working at isolated pool in 40-acre park).

The regular use of the lot by respondent's employees also resulted in a degree of exposure beyond that to which the public would be subjected. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434.) Thus, eating lunch in the car actually enhanced petitioner's exposure to attack beyond that of the general public. Eating in the car required her to remain in the lot for a longer period than the time a member of the public would remain in the lot. See *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434.

Respondent contends that "common sense suggests that fewer assaults would occur near a courthouse because sheriffs are assigned to all courtrooms and police officers regularly enter and exit courthouses." Such logic ignores the ever present danger which demands the presence of these security personnel.

Moreover, the fact that petitioner was eating her lunch carries lit-

tle weight. It was clearly contemplated by respondent that employees would briefly sit in their cars during their meal breaks, or before and after work. Petitioner was doing nothing out of the ordinary when she sat in her car. The Commission was not required to deny her benefits. See *Material Service Corp. v. Industrial Comm'n* (1973), 53 Ill. 2d 429, 292 N.E.2d 367.

Even when we consider the fact that petitioner was eating lunch, such use of the parking lot was also anticipated by respondent. An injury suffered in a parking lot occurs in the course of employment when the injury is incidental to the anticipated normal use of the parking lot. (*Aaron v. Industrial Comm'n* (1974), 59 Ill. 2d 267, 319 N.E.2d 820.) Petitioner testified that there was no lunchroom in the building, and therefore she occasionally ate lunch in her car. Petitioner testified that on the day in question she informed Judge Gerrity where she would be eating lunch.

Judge Gerrity testified that he did not recall the content of the conversation with petitioner that day, but he did recall speaking with her just before lunch. He remembered that petitioner had eaten lunch in her car on prior occasions. He also believed that other circuit court employees ate lunch in their cars. The judge's office was "more or less a corridor of the building," and his secretary's office was just to the side, and that space was shared by several people, with desks placed back to back. It was not surprising, therefore, that petitioner would try to eat someplace other than at her desk. While Judge Gerrity never objected to petitioner's eating at her desk or told her she must eat in the car, eating lunch in the car was a normal, anticipated use of the parking lot.

There was competent evidence from which it could be found that the incident and injury grew out of and was causally related to a condition of petitioner's employment. We cannot say that the Commission's findings are against the manifest weight of the evidence.

For these reasons, the judgment of the circuit court of Cook County confirming the award of the Industrial Commission is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and CALVO, JJ., concur.