MARY FLYNN, Plaintiff-Appellant, v. IRENE RATHNAU, Defendant-Appellee.

First District (3rd Division)   No. 1—88—3671

Opinion filed August 29, 1990.

FREEMAN, J., specially concurring.

William E. Reynolds and Edward F. Cozzi, both of Chicago, for appellant.

Beverly, Pause, Duffy & O'Malley, of Chicago (James L. Rados, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Mary Flynn appeals from an order of the circuit court of Cook County which dismissed her complaint against defendant Irene Rathnau. On appeal, plaintiff contends that the trial court erred in granting defendant's motion to dismiss on the basis that the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) barred a common-law action brought by plaintiff to recover for personal injuries allegedly resulting from the negligence of defendant. We affirm.

Flynn and Rathnau were both employees of the University of Chicago Press. Following work on November 24, 1987, plaintiff and defendant were involved in a car accident in the employee parking lot. As Rathnau was driving her car out of the parking lot it allegedly struck Flynn as she walked to her car. As a result of the accident, Flynn was injured and this lawsuit ensued.

On appeal, Flynn contends that her cause of action is not barred by the Illinois Workers' Compensation Act. We disagree. Section 5(a) of the Workers' Compensation Act provides:

"No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act * * *." Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a).

An injury accidentally received by an employee while on the premises of his employer going to or from his employment by a customary or permitted route within a reasonable time before or after work is received in the course and arises out of the employment, and a common-law action based on the incident is barred by the Workers' Compensation Act. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 274, 279, 201 N.E.2d 434, 439.) Specifically, accidental injuries received on parking lots maintained by employers for the use of their employees are received in the course of and arise out of their employment. *Chmelik*, 31 Ill. 2d at 279; *Pintur v. Germann* (1989), 183 Ill. App. 3d 763, 767, 539 N.E.2d 443, 444.

In the present case, since the accident occurred between two employees in the parking lot following work, we believe that any alleged injuries were received in the course of and arose out of the parties' employment. Thus, in our view, a common-law action to recover

for these injuries is clearly barred by the Workers' Compensation Act. We therefore conclude that the trial court did not err in dismissing the plaintiff's complaint.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, J., concurs.

JUSTICE FREEMAN, specially concurring:
I agree with the majority's affirmance of the dismissal of plaintiff's complaint. However, I write separately because the majority resolves, *sub silentio*, the major issue between the parties, *i.e.*, whether plaintiff adequately alleged that she was struck by defendant's vehicle outside of their employer's parking lot. The majority thus inadequately explains why plaintiff's complaint was properly dismissed.

Plaintiff's complaint alleged that, at the time of the accident, defendant was operating her vehicle "in an effort to exit" a certain parking lot and plaintiff was "walking to her automobile which was parked" in that same lot. The complaint further alleged that defendant's automobile struck plaintiff "as the [d]efendant exited the parking lot."

Defendant's motion to dismiss, brought under section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), alleged that plaintiff and defendant worked for the same employer and that the accident occurred in the employer's parking lot as plaintiff and defendant were leaving their place of employment. Defendant filed an affidavit in support of the motion attesting to these facts. In responding to the motion, plaintiff did not file a counter-affidavit.

On appeal, plaintiff first contends that defendant's mere allegation in her motion that the accident occurred in their employer's parking lot, even if true, was insufficient to bring the accident under the purview of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138 *et seq.*). Plaintiff reasons that, for that to be the case, it must be shown that the danger causing injury to a covered employee was peculiar to the work or arose out of a risk to which the employee is exposed to a greater degree than the general public by reason of her employment. *County of Cook v. Industrial Comm'n* (1988), 165 Ill. App. 3d 1005, 520 N.E.2d 896.

With respect to the proof required to bring an accident within the purview of the Act, plaintiff notes that her response to the motion to

dismiss argued that her complaint alleged that she was struck by defendant's vehicle as she was walking down a public sidewalk at the point where it crossed a driveway leading to the employer's parking lot. She concludes therefrom that, because the general public utilized the same walk to traverse the driveway of that lot, she was exposed to no greater degree of risk than the general public. In further support of her position, plaintiff cites the supreme court's observation in *Aaron v. Industrial Comm'n* (1974), 59 Ill. 2d 267, 319 N.E.2d 820, that it had never held all parking lot injuries compensable under the Act regardless of the circumstances and that it is only when such injuries are incidental to the anticipated normal use of the parking lot that they arise in the course of employment, as required under the Act.

*Aaron* is of no assistance to plaintiff. In moving to dismiss the complaint, defendant did not merely rely on the fact that the accident with plaintiff occurred in their employer's parking lot. Rather, she also alleged that it occurred as plaintiff and defendant were leaving their place of employment, plaintiff as a pedestrian and defendant as a motorist. Significantly, plaintiff did not contest this allegation, by affidavit or otherwise, in responding to defendant's motion. Thus, I believe this allegation precludes any applicability of *Aaron* to this case. Given plaintiff's failure to deny it, this allegation conclusively establishes that her injuries were incidental to the anticipated normal use of the parking lot. Thus, the fact that a parking lot accident is not *per se* within the ambit of the Act is unavailing to plaintiff.

The allegation which plaintiff asserts her complaint contained, *i.e.*, essentially that she was struck by defendant's vehicle outside of their employer's parking lot, does not compel a contrary conclusion. No such explicit allegation appears in her complaint. Moreover, the allegations which do appear therein relating to how and where defendant's vehicle struck plaintiff are insufficient to show that the accident did not arise out of and in the course of plaintiff's employment. In construing those allegations as alleging that she was struck by defendant's vehicle "as she was walking down a public sidewalk at the point where it crossed a driveway leading to the employer's parking lot," plaintiff has seriously misrepresented those allegations. They can in nowise be given the interpretation or construction which plaintiff gives them. As such, the principles articulated in *County of Cook* are of no assistance to plaintiff. Moreover, the case law cited by the majority conclusively establishes that an injury suffered by a plaintiff within the confines of her employer's parking lot while she is leaving her employment, which defendant's allegations and proof established

and which plaintiff failed to refute, are compensable exclusively under the Act.

Plaintiff's second contention, which the majority does not address, is that the trial court abused its discretion in granting defendant's motion based on an affidavit which allegedly misstated the location of the accident while her complaint and a police report made of the accident established that the accident was outside the purview of the Act. This contention is also meritless.

Plaintiff cites no authority to this court for her asserted right to rely on the allegations of her complaint in the face of an affidavit from defendant in support of her motion. However, it is clear from plaintiff's motion to reconsider the trial court's dismissal order, in which she made essentially the same argument, that she bases that asserted right upon *Durham & Coon* (1949), 338 Ill. App. 204, 86 N.E.2d 852 (abstract of opinion). *Durham* is of no assistance to plaintiff. *Durham* held, as plaintiff herself noted below, that now section 2—619 does not require a plaintiff to file a counteraffidavit to raise an issue of fact which already appears from a sworn complaint and a defendant's affidavit in support a motion to dismiss thereunder. The problem with plaintiff's reliance, albeit *sub silentio*, upon *Durham* is that neither she nor her attorney verified or certified her complaint as allowed under the Civil Practice Law. Ill. Rev. Stat. 1987, ch. 110, pars. 1—109, 2—605.

Moreover, given the well-settled rule that police reports are inadmissible as substantive evidence given their hearsay nature (see, *e.g., Walls v. Jul* (1969), 118 Ill. App. 2d 242, 254 N.E.2d 173), plaintiff's reliance on the police report of her accident to contradict defendant's affidavit is unavailing. Finally, plaintiff is correct that a complaint should not be dismissed unless it clearly appears that no set of facts can be proved under the pleadings which would entitle the plaintiff to relief. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162.) However, that rule does not mean, as plaintiff implies, that, in making that determination, a trial court is required to give the allegations of an unsworn complaint greater weight than allegations of a motion to dismiss supported by a sworn affidavit. I believe that plaintiff's complaint was properly dismissed for all of the foregoing reasons.