JEAN JOINER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Will County Circuit Clerk, Appellee).

Third District   No. 3—02—0418WC

Opinion filed March 11, 2003.

GOLDENHERSH, J., dissenting.

Mark Masur, of Thompson, Lamont, Flaherty & Masur, P.C., of Aurora, for appellant.

Pamela K. Harman, of Kiesler & Berman, of Joliet, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The claimant, Jean Joiner, appeals from an order of the circuit court of Will County which confirmed a decision of the Industrial Commission (Commission), denying her benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)) for injuries she sustained on February 23, 2000. For the reasons that follow, we affirm.

The claimant filed an application for adjustment of claim under the Act for injuries she alleged arose out of and in the course of her employment with the Will County circuit clerk (Clerk). The following is a summary of the relevant evidence presented at the arbitration hearing.

The claimant was employed as a deputy clerk at the Will County courthouse in Joliet, Illinois. In addition to its courthouse, Will County (County) also owns and maintains an office building located several blocks away. Adjacent to the office building is a parking lot which is owned by the County and in which County employees are able to park without charge. In contrast, there is no free parking facility available for use by employees of the Clerk working at the courthouse. However, the Clerk has entered into a collective bargaining agreement with the union representing a group of her employees which provides, in

relevant part, that, if the County does not provide free parking for bargaining-unit employees assigned to the courthouse, the Clerk will reimburse the employees for parking costs at a specified monthly rate upon being presented with the employees' parking receipts. The claimant is a member of the bargaining unit and, therefore, entitled to parking cost reimbursement in accordance with the collective bargaining agreement.

Located within one block of the courthouse is a public parking facility at 12 South Chicago Street (hereinafter referred to as the Chicago Street Lot). This parking lot is neither owned nor maintained by the County or the Clerk. Title to the property is held by a land trust of which Holly Weitendorf is the beneficiary. Weitendorf's father, John Weitendorf, maintains the parking lot and collects the parking fees. The lot is open to the general public on a monthly or daily fee basis and is used regularly by courthouse employees, members of the public having business at the courthouse, and commuters traveling by train from a nearby station. The Clerk has no agreement with the lot's owner regarding the fees charged to courthouse employees. The Clerk's employees using this parking lot are charged the same fees as are members of the general public.

The claimant testified that she normally took public transportation to work but, in December 1999, she injured her knee in an unrelated accident and began receiving a ride to work from a coworker, Lee Chess. Chess regularly parked her vehicle in the Chicago Street Lot and paid a monthly fee to do so. Chess received reimbursement for her monthly parking fees from the Clerk pursuant to the collective bargaining agreement.

On February 23, 2000, after the claimant left work in the courthouse at 4:30 p.m., she was walking across the Chicago Street Lot on her way to Chess's vehicle when she slid on loose gravel, fell into a pothole, and fractured her right patella. Thereafter, the claimant filed an application for adjustment of claim seeking benefits under the Act, asserting that the injuries she sustained on February 23, 2000, arose out of and in the course of her employment with the Clerk.

After a hearing, an arbitrator issued a decision in which he found that the claimant's accident on February 23, 2000, did not arise out of and in the course of her employment with the Clerk and, as a consequence, denied her claim for benefits under the Act. The claimant sought a review of the arbitrator's decision before the Commission. On April 21, 2001, the Commission issued a unanimous decision, affirming and adopting the decision of the arbitrator. Thereafter, the claimant sought a judicial review of the Commission's decision in the circuit court of Will County. The circuit court confirmed the Commission's decision, and this appeal followed.

In urging reversal of the circuit court's judgment, the claimant argues that the decision of the Commission is against the manifest weight of the evidence and erroneous as a matter of law. We disagree.

■ To be compensable under the Act, a claimant's injury must arise out of and in the course of her employment. 820 ILCS 305/2 (West 2000). The statutory phrase "arising out of" refers to the origin or cause of the accident giving rise to an employee's injury and presupposes a causal connection between her employment and the injury suffered. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603 (1989). "In the course of" refers to the time, place and circumstance under which the accident occurred. *Illinois Bell Telephone Co.*, 131 Ill. 2d at 483. Both elements must be present at the time of an employee's injury in order to justify compensation under the Act. *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44-45, 509 N.E.2d 1005 (1987).

■ Generally, the question of whether a claimant's injury arose out of or in the course of her employment is a question of fact for the Commission to resolve, and its determination will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Illinois Institute of Technology Research Institute v. Industrial Comm'n*, 314 Ill. App. 3d 149, 164, 731 N.E.2d 795 (2000). However, when, as in this case, the facts are undisputed and susceptible of but a single inference, the question is one of law and subject to a *de novo* review. *Technology Research Institute*, 314 Ill. App. 3d at 165.

■ Our supreme court has repeatedly held that, when an employee slips and falls at a point off the employer's premises while traveling to or from work, the resulting injuries do not arise out of and in the course of the employment and are not compensable under the Act. *Illinois Bell Telephone Co.*, 131 Ill. 2d at 483-84; *Reed v. Industrial Comm'n*, 63 Ill. 2d 247, 248-49, 347 N.E.2d 157 (1976); *Browne v. Industrial Comm'n*, 38 Ill. 2d 193, 194, 230 N.E.2d 181 (1967). This rule has come to be known as the "general premises rule." See *Illinois Bell Telephone Co.*, 131 Ill. 2d at 484. Two exceptions to the general premises rule have developed, however. Recovery has been permitted for off-premises injuries when "the employee's presence at the place where the accident occurred was required in the performance of his duties and the employee is exposed to a risk common to the general public to a greater degree than other persons." *Illinois Bell Telephone Co.*, 131 Ill. 2d at 484. Additionally, recovery under the Act has been permitted for injuries sustained by an employee in a parking lot "provided by" the employer. *Illinois Bell Telephone Co.*, 131 Ill. 2d at 484; *De Hoyos v. Industrial Comm'n*, 26 Ill. 2d 110, 114, 185 N.E.2d 885 (1962).

The facts of this case do not establish a basis for compensation under the first exception to the general premises rule as there is no evidence in the record that the claimant's employment required her to enter the parking lot where she was injured, nor has the claimant argued that this exception applies. Rather, the claimant's entire argument on appeal is based upon the applicability of the second exception.

The claimant asserts that the Clerk "provided" parking for her employees at the Chicago Street Lot. She reasons that the Clerk, by contractually obligating herself to reimburse certain of her employees for parking expenses up to a specified maximum amount monthly, "provided" parking for the employees entitled to seek reimbursement, including the claimant. Relying primarily upon the supreme court's decisions in *Hiram Walker & Sons, Inc. v. Industrial Comm'n*, 41 Ill. 2d 429, 244 N.E.2d 179 (1968), and *De Hoyos v. Industrial Comm'n*, 26 Ill. 2d 110, 185 N.E.2d 885 (1962), and this court's decision in *County of Cook v. Industrial Comm'n*, 165 Ill. App. 3d 1005, 520 N.E.2d 896 (1988), the claimant argues that the Commission erred in finding that her injuries on February 23, 2000, did not arise out of or in the course of her employment. She contends that she falls within the second exception to the general premises rule and is, therefore, entitled to compensation under the Act. We reject the claimant's assertion that the Clerk "provided" parking for her employees in the Chicago Street Lot and find the cases upon which she relies to be readily distinguishable.

In applying the second exception to the general premises rule, the supreme court has determined that, so long as the employer has provided a parking lot for use by its employees, the fact that the employer does not own the lot is immaterial. *De Hoyos*, 26 Ill. 2d at 114; *C. Iber & Sons, Inc. v. Industrial Comm'n*, 81 Ill. 2d 130, 135, 407 N.E.2d 39 (1980). However, the supreme court has also held that the employer's control or dominion over the parking lot is a significant factor in the analysis. See *Maxim's of Illinois, Inc. v. Industrial Comm'n*, 35 Ill. 2d 601, 604, 221 N.E.2d 281 (1966); see also *Doyle v. Industrial Comm'n*, 95 Ill. 2d 103, 108, 447 N.E.2d 310 (1983). In this case, the Clerk did not exercise any dominion or control over the Chicago Street Lot.

■ The claimant's assertion that the Clerk "provided" parking for her employees in the Chicago Street Lot rests entirely upon the reimbursement provision in the collective bargaining agreement entered into by the Clerk. However, as the arbitrator noted, the Clerk's parking cost reimbursement obligation under the collective bargaining agreement only arose if free parking for the employees assigned to

work in the courthouse was not provided. As a factual matter, nothing in this record supports the conclusion that the Clerk provided parking for her employees at the Chicago Street Lot where the claimant was injured. It is uncontradicted that the Clerk did not: own, operate or maintain the parking lot; lease any parking spaces therein for use by her employees; assign any parking spaces in the lot for use by her employees; tell any of her employees to park in that lot, or any other parking lot for that matter; or enter into any agreement with the lot's owner regarding the parking fees that her employees would be charged. The flaw in the claimant's reasoning is her attempt to equate providing reimbursement for parking expenses with providing the parking facility itself.

The three cases upon which the claimant primarily relies are readily distinguishable. In *De Hoyos*, the employer actually provided, for use by its employees, the parking lot in which the claimant was injured. *De Hoyos*, 26 Ill. 2d at 113-14. In this case, the Clerk provided reimbursement for parking costs, but did not provide any parking lot for her employees' use. The parking lot in which the claimant was injured was a public parking facility over which the Clerk exercised no dominion or control.

In *Hiram Walker & Sons, Inc.*, the parking lot in which the claimant fell was used as an adjunct of the employer's plant, it was furnished and maintained by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment. *Hiram Walker & Sons, Inc.*, 41 Ill. 2d at 430. In the instant case, although it is fair to say that the Clerk was aware that a number of her employees parked in the Chicago Street Lot, she did not direct them to do so. The Chicago Street Lot was not used as an adjunct to the courthouse; rather, it was a privately owned public parking lot that was neither furnished nor maintained by the Clerk.

In *County of Cook*, the claimant was stabbed and robbed in a parking lot adjacent to the building in which her employer leased space. The claimant in that case had a reserved parking space in the lot which was several feet from a door to the building which was not open to the public. *County of Cook*, 165 Ill. App. 3d at 1008-09. In contrast, the Chicago Street Lot is not adjacent to the courthouse, the Clerk does not lease space in the lot, the claimant was not told to park in the lot, and the Clerk did not assign any space in the lot for the claimant's use.

The facts of this case establish that the claimant was injured in a public parking lot that was not provided, owned, maintained or controlled by the Clerk, nor was the claimant required to enter the lot

in furtherance of her employment. As such, the injuries that the claimant suffered were not the result of an occurrence falling within either exception to the general premises rule and the Commission correctly determined that her injuries did not arise out of and in the course of her employment. For these reasons, we affirm the judgment of the circuit court of Will County which confirmed the Commission's decision to deny the claimant benefits under the Act.

Affirmed.

McCULLOUGH, P.J., and O'MALLEY, Jack, and HOLDRIDGE, JJ., concur.

JUSTICE GOLDENHERSH, dissenting:

After careful consideration, I find that claimant's accident arose out of and in the course of her employment with the Will County circuit clerk (clerk); therefore, I respectfully dissent.

I agree that when an employee has an accident on property that is neither provided by nor owned or controlled by the employer, the resulting injuries do not arise from her employment. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483-84, 546 N.E.2d 603, 605 (1989). I also recognize that the general rule is that "when an employee slips and falls, or is otherwise injured, at a point off the employer's premises while traveling to or from work, his injuries are not compensable." *Reed v. Industrial Comm'n*, 63 Ill. 2d 247, 248-49, 347 N.E.2d 157, 158 (1976). However, whether the employer owns or maintains the parking lot is immaterial as long as it is "provided" for the use of the employee. *De Hoyos v. Industrial Comm'n*, 26 Ill. 2d 110, 114, 185 N.E.2d 885, 887 (1962); *County of Cook v. Industrial Comm'n*, 165 Ill. App. 3d 1005, 1008, 520 N.E.2d 896, 898 (1988).

The parking lot in question is located less than one block from the Will County courthouse where claimant works. Will County maintains offices in both the courthouse and in a county building that is located a few blocks from the courthouse. There is a parking lot adjacent to the county building in which county employees can park for free. There is no free parking adjacent to the courthouse. A review of the testimony reveals that there are actually five parking lots located near the courthouse. Various prices are charged to park in these lots. The discrepancy between county employees who could park for free in the county building lot and those who are required to pay to park in one of the other lots led to a reimbursement agreement between the clerk and the union of which claimant is a member. The agreement provides

that if the county is unable to provide free parking, the clerk will reimburse employees up to $20 per month for parking upon proof of payment.

While the lot where claimant fell is open to the public, it is clear that nearly all of the people who park in the lot are courthouse employees. It is the only lot in the immediate vicinity of the courthouse that falls within the $20 parking reimbursement allowance set forth in the union's collective bargaining agreement. Under the circumstances, I disagree with my colleagues that the clerk did not provide parking for her employees. Instead, I agree with claimant that this lot was, for all practical purposes, an employee lot that was "provided" for the use of county employees and that claimant is entitled to workers' compensation benefits for injuries she sustained when she fell in a hole in the parking lot in question.

The majority fails to address claimant's assertion that denying her compensation under the Act results in a "lottery of compensation." As it now stands, any county employee who parks for free in a county lot and sustains a fall because of the surface condition of the lot will have full protection under the Act, whereas an employee who must park in another lot and be reimbursed by the county will be denied coverage for the same type of fall. I agree with claimant that this is not only inconsistent with the spirit of the Act, but also inconsistent with the clerk's intentions to rectify parking inequities that exist among county employees. The clerk attempted to correct such inequities when she signed the collective bargaining agreement to allow employees to be reimbursed for parking expenses. For all the reasons stated above, the circuit court's order confirming the Commission's decision should be reversed.