RICHARD L. FARRIS, JR., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Grieffs Exterior Service, Appellant).

Fourth District (Illinois Workers' Compensation Commission Division)
No. 4—05—0019WC

Opinion filed May 12, 2005.—Rehearing denied June 21, 2005.

Karen L. Kendall, Brad A. Elward, Bradford B. Ingram, and James M. Voelker, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Terence B. Kelly, of Thompson & Weintraub, of Bloomington, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On March 19, 2001, claimant, Richard L. Farris, Jr., filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)), seeking benefits from employer, Grieffs Exterior Service. Claimant injured his back when he lifted a window. Following a hearing, the arbitrator found claimant proved he sustained accidental injuries arising out of and in the course of his employment with employer and awarded claimant temporary total disability (TTD) benefits in the sum of $318.79 per week for a period of 39⁵/₇ weeks. On review, the Industrial Commission (Commission)[1] modified the arbitrator's decision, correcting the arbitrator's finding concerning claimant's average weekly wage. The Commission awarded claimant TTD benefits in the sum of $396.91 per week for a period of 111³/₇ weeks, and medical expenses in the amount of $84,989.97. The Commission otherwise affirmed the arbitrator's decision. Employer sought judicial review of the Commission's decision in the circuit court of Livingston County and the circuit court confirmed the Commission's decision.

Employer appeals, arguing that the Commission did not properly calculate claimant's average weekly wage when it deducted as lost time those days claimant did not work because he was providing care for his critically ill daughter. We affirm the circuit court's order confirming the Commission's decision.

Claimant testified that he began work for employer as a laborer in approximately 1997. On November 17, 2000, claimant injured his back while lifting a window. Claimant sought treatment with Dr. William Copes. Dr. Copes removed claimant from work. Claimant underwent back surgery on July 5, 2001, and November 29, 2001.

Claimant and employer introduced into evidence claimant's wage records for the 52 weeks prior to his accident. These documents reflected, for each week of the preceding year, the number of hours claimant worked and the amount he earned. Claimant worked a total of 181.25 days during the previous 52 weeks. Although claimant had worked "[f]ive days a week, 40 hours a week," he testified that during the 52 weeks prior to his accident, he was laid off "occasionally" and he did not work various "weeks and parts thereof" because his infant daughter was critically ill and required numerous hospitalizations.

On the issue of claimant's earnings, the arbitrator found that during the 52 weeks preceding claimant's injury, claimant earned

---

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

$21,039.95. The arbitrator determined claimant worked 44 weeks by deducting "the number of weeks and parts thereof" that claimant was laid off. The arbitrator determined that claimant lost eight weeks due to layoffs and divided claimant's earnings by 44, the number of weeks in which claimant "was available to work and during which time work was available with [employer]." The arbitrator determined claimant's average weekly wage was $478.18. The arbitrator opined that because claimant "chose to be with his child rather than work *** those days and weeks lost should be included in the number of weeks divided into the total earnings."

The Commission modified the arbitrator's decision, correcting the arbitrator's finding concerning claimant's average weekly wage. The Commission found "the second method set forth in *Sylvester* is the applicable method for calculating [claimant's] average weekly wage as [claimant] had been a full time employee for the year preceding his injury, typically worked 40 hour weeks based on an eight hour day five days a week but had missed numerous weeks or parts thereof of work during the preceding year." The Commission did not use 44 weeks, but determined that claimant worked 181.25 days and divided that number by 5 to arrive at 36.25 weeks, finding claimant worked 36.25 weeks of the 52 weeks preceding the injury. The Commission derived the average weekly wage as follows: $21,582 (total earnings) / 36.25 (weeks) = $595.37 (average weekly wage).

Employer sought judicial review of the Commission's decision in the circuit court of Livingston County and the circuit court confirmed the Commission's decision. This appeal followed.

Employer argues that the Commission did not calculate claimant's average weekly wage correctly. Employer does not argue that the time lost by claimant to care for his child was not correct but argues that the Commission should not have deducted as lost time those days claimant did not work because he was providing care for his critically ill daughter.

■ "Normally, a wage determination by the Commission is a factual finding, and thus will be upheld on appeal unless against the manifest weight of the evidence." *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 231-32, 756 N.E.2d 822, 827 (2001). "However, when, as in this case, the facts are undisputed and susceptible of but a single inference, the question is one of law and subject to a *de novo* review." *Joiner v. Industrial Comm'n*, 337 Ill. App. 3d 812, 815, 786 N.E.2d 627, 630 (2003).

Further, the issue currently before us involves a matter of statutory construction. "Accordingly, our review is *de novo* [citation], and we are guided by familiar principles. Our primary goal *** is to

ascertain and give effect to the intention of the legislature." *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827. We determine this intent by reading the statute as a whole and considering all relevant parts. "We must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous [citation], avoiding an interpretation which would render any portion of the statute meaningless or void." *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827. We also presume that the General Assembly did not intend absurdity, inconvenience, or injustice. The Act is to be interpreted liberally, to effectuate its main purpose of providing financial protection for interruption or termination of a worker's earning power. *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827.

■ Section 10 of the Act provides, in relevant part:

"The compensation shall be computed on the basis of the 'Average weekly wage' which shall mean the actual earnings of the employee in the employment in which he was working at the time of the injury during the period of 52 weeks ending with the last day of the employee's last full pay period immediately preceding the date of injury, illness or disablement excluding overtime, and bonus divided by 52; but if the injured employee lost 5 or more calendar days during such period, whether or not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks and parts thereof remaining after the time so lost has been deducted." 820 ILCS 305/10 (West 2000).

The parties agree that the average weekly wage of the claimant in this case is to be determined pursuant to the second method. Further, the parties agree that claimant worked a total of 181.25 days during the 52 weeks preceding the date of injury. Employer argues that claimant voluntarily chose to be absent from work to care for his critically ill daughter and that, because he could have worked on those days but did not, the time that he was absent caring for his daughter should be included in the 52 weeks from which the average weekly wage is calculated.

■ In *Illinois-Iowa Blacktop, Inc. v. Industrial Comm'n*, 180 Ill. App. 3d 885, 891, 536 N.E.2d 1008, 1013 (1989), this court discussed the current version of section 10 of the Act, stating that "[t]he new, simplified version of section 10 plainly states that in all cases where the employee lost five or more days of work during the 52 weeks prior to the injury, the lost time (to the extent not due to the fault of the employee) should be deducted from the wage calculation denominator." Employer argues that claimant made "a personal decision" and "time lost *** does not encompass time off for reasons of personal choice." The statutory language is clear and unambiguous. See *Syl-*

*vester*, 197 Ill. 2d at 237, 756 N.E.2d at 830. When this is the case, we apply the statute without resort to further aids of statutory construction. In the present case, the parties agree that claimant worked a total of 181.25 days during the 52 weeks preceding the date of injury. Although claimant had worked "[f]ive days a week, 40 hours a week," he testified that during the 52 weeks prior to his accident, he was laid off "occasionally" and he did not work various "weeks and parts thereof" because his infant daughter was critically ill and required numerous hospitalizations. The evidence is clear that the time lost was not due to the fault of claimant. The Commission divided the number of days claimant worked during the 52 weeks preceding the injury (181.25) by 5, "the number of days [claimant] typically worked during a week." The Commission found claimant worked 36.25 weeks of the 52 weeks preceding the injury. The Commission derived the average weekly wage as follows: $21,582 (total earnings) / 36.25 (weeks) = $595.37 (average weekly wage). As stated in Larson: "[T]he purpose of the wage calculation is not to arrive at some theoretical concept of loss of earning capacity; rather it is to make a realistic judgment on what the claimant's future loss is in light of all the factors that are known." 2 A. Larson, Workmen's Compensation § 60.21(c), at 591-92 (1996). In *Illinois-Iowa Blacktop*, 180 Ill. App. 3d at 893, 536 N.E.2d at 1014, this court stated that section 10 "allows the *** Commission to calculate average weekly wages using a denominator of only those weeks actually worked, to the benefit of the employee. 'Lost time' is synonymous with 'off time,' unless caused by the employee as aforesaid, or the phrase has no purpose." The Commission correctly calculated claimant's average weekly wage.

For the foregoing reasons, we affirm the circuit court's order confirming the Commission's decision.

Affirmed.

HOFFMAN, CALLUM, HOLDRIDGE, and DONOVAN, JJ., concur.